FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVANCE MICKEY WILSON, | No. 11-17045 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01627-JW |
| v. | |
| A. PANIZZA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Javance Mickey Wilson, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

prison officials violated his First Amendment rights when they confiscated a book

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from his incoming mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Wilson failed to raise a genuine dispute of material fact as to whether defendants' actions were not reasonably related to a legitimate correctional goal. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (setting forth relevant factors in determining whether a regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests); *see also Beard v. Banks*, 548 U.S. 521, 528-30 (2006) (courts should accord prison officials deference when analyzing the constitutional validity of prison regulations).

Wilson's contention that the district court should have requested a copy of the confiscated book to review are unpersuasive.

**AFFIRMED.**